# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

No. 11-60225
Summary Calendar

Lyle W. Cayce
Clerk

SUSAN D. LAPARA,

Plaintiff - Appellant

v.

SILVER SLIPPER CASINO VENTURE, L.L.C. and
SILVER SLIPPER GAMING, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-cv-629

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Susan D. Lapara (Ms. Lapara) filed suit against Silver Slipper Casino Venture, L.L.C.[1] (Defendant), asserting claims of premises liability, after she sustained injuries from a trip and fall that occurred while she was leaving the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Ms. Lapara's original complaint also named Silver Slipper Gaming, L.L.C. as a defendant; however, the parties stipulated at trial that the proper defendant was Silver Slipper Casino Venture, L.L.C. and Silver Slipper Gaming, L.L.C. was dismissed from the suit.

No. 11-60225

Silver Slipper Casino in Bay St. Louis, Mississippi.  After conducting a bench trial, the district court  dismissed Ms. Lapara's claims pursuant to FED. R. CIV. P. 52.  We AFFIRM.

## I.  FACTS & PROCEDURAL HISTORY

On November 8, 2008, in the early evening at approximately 6:30 p.m., Ms. Lapara and her husband, Paul Lapara, and their friends, Dianne and John Volpe, left Silver Slipper Casino and began walking toward the parking lot. There was a paved pathway between the casino and the parking lot for the use of casino patrons.  There was also a gravel pathway between the casino and the parking lot that casino patrons often used as a shortcut.  The gravel path was bordered with landscaping.  The Laparas and the Volpes chose to take the gravel pathway from the casino to the parking lot.

Ms. Lapara and Ms. Volpe were walking side by side on the gravel pathway and Mr. Lapara and Mr. Volpe were walking side by side on the gravel pathway behind the two women.  While walking on the gravel pathway, Ms. Lapara tripped on a juniper branch extending from a juniper bush on the edge of the pathway and fell, sustaining injuries as a result.

Ms. Lapara filed suit against Defendant alleging that the juniper branch extending into the pathway created a dangerous condition under Mississippi premises liability law.  According to Ms. Lapara, Defendant failed to adequately maintain the gravel pathway and surrounding shrubbery so that the branches did not intrude into the pathway, thereby creating a hazard for casino patrons. Ms. Lapara asserts that Defendant had actual knowledge of the hazardous condition on the pathway for an extended period of time prior to the incident but failed to warn patrons or prevent them from walking on the pathway.  In addition,  Ms. Lapara alleges that the lighting on the pathway was inadequate.

2

No. 11-60225

Ms. Lapara submits that Defendant breached its duty to maintain the casino property in a reasonably safe condition and to warn its patrons of the hidden dangers on its property.

The length of the juniper branch as it extended from the bush into the gravel pathway was disputed at trial. Both Mr. and Ms. Lapara testified in their depositions that the branch extended approximately 10-12 inches into the pathway. Later at trial, however, Mr. and Ms. Lapara both testified that the branch extended 4-5 inches into the pathway. Mr. Volpe testified at trial that the branch extended approximately 10-11 inches into the pathway. Ms. Volpe testified in her deposition that the branch extended two inches into the pathway and, later at trial, testified that the branch extended approximately 3-4 inches into the pathway. At trial, Ms. Lapara submitted photographs of the juniper bush and gravel pathway which were admitted into evidence.

Casino security officers Sheril Powell and Steve Block investigated the scene of the incident shortly after Ms. Lapara fell. Security officer Powell testified that the branch extended about an inch or two into the pathway. Security officer Block testified that the branch extended about an inch off of the bush but that it did not protrude into the pathway. Casino risk manager Deborah Cogley visited the scene of the incident the following morning with the casino maintenance manager. Ms. Cogley testified that, after the maintenance manager clipped off the end of the juniper branch, the clipped part was approximately 2 inches long. Security officer Powell and Ms. Cogley both took photographs of the juniper bush and the gravel pathway and the photographs were admitted into evidence.

Also in dispute at trial was the adequacy of the lighting on and around the areas near the gravel path. The parties do not dispute that there were no lights

No. 11-60225

installed on or above the gravel pathway or in the bushes bordering the pathway. Ms. Lapara testified that, at the time of the incident, it was just getting dark and that the street lights were lit. Mr. Lapara testified that it was dark outside and none of the parking lot lights were lit. Mr. Volpe testified that it was twilight outside and that none of the parking lot lights were lit.

Casino officers Powell and Block and, Ms. Cogley, the casino risk manager, testified that the street lights and nearby building lights were working and lit. Ms. Cogley further acknowledged that the light fixtures in the casino parking lot were present but not functional as a result of a storm.

After presentation of testimony and evidence by both parties at trial, the district court found that, on the night of the incident, the lighting in the area near the gravel pathway was adequate and sufficient for Ms. Lapara and other individuals using the pathway to see where they were going. The court then noted that the condition of the gravel itself along the pathway was not dangerous and, to the extent that the juniper branch protruded into the pathway, it did so no more than two inches. The court determined that the protrusion did not pose or create a dangerous condition or render the premises unsafe.

Concluding that Defendant satisfied its duty, owed to Ms. Lapara as a business invitee, to keep the premises in a reasonably safe condition, the district court held that Defendant was not negligent under Mississippi law and, thus, not liable for Ms. Lapara's injuries. Pursuant to FED. R. CIV. P. 52, the district court entered a final judgment dismissing Ms. Lapara's claims on March 1, 2011. This appeal ensued.

4

No. 11-60225

## II.  DISCUSSION

We review bench trial findings of fact for clear error and legal issues *de novo*.  *Mid–South Towing Co. v. Exmar Lux*, 418 F.3d 526, 531 (5th Cir. 2005); *see* FED. R. CIV. P. 52(a).  When reviewing for clear error, if the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse, even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently.  *Anderson v. City of Bessemer*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985). A district court finding is clearly erroneous if a review of the record leaves "a definite and firm conviction that a mistake has been committed." *Boudreaux v. United States*, 280 F.3d 461, 466 (5th Cir. 2002) (*quoting McAllister v. United States*, 348 U.S. 19, 20, 75 S. Ct. 6, 99 L. Ed. 20 (1954)).

In reviewing factual findings, due regard must be given to the trial court's opportunity to judge the witnesses' credibility.  FED. R. CIV. P. 52(a)(6). Accordingly, the burden of showing that the findings of the district court are clearly erroneous is heavier if the credibility of witnesses is a factor in the trial court's decision.  *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) (internal citations and quotation marks omitted).

Federal diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332.  Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it the generation of rules of substantive law.  *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.  *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426-27, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *Erie v.*

No. 11-60225

*Tompkins*, 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *Foradori,* 523 F.3d at 486.  In this diversity case, the district court and this court must apply the substantive negligence law of Mississippi.  *Foradori,* 523 F.3d at 486; *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001).

In Mississippi, a plaintiff's premises liability claim can be based on one of three theories: (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, *i.e.*, constructive knowledge of the condition should be imputed to defendant. *Vu v. Clayton*, 765 So. 2d 1253, 1255 (Miss. 2000) (*quoting K-Mart Corp. v. Hardy*, 735 So. 2d 975, 980 (Miss. 1999)).

The plaintiff must prove the elements of duty, breach of duty, proximate cause, and damages in order to establish a *prima facie* case.  *Holmes v. Campbell Properties, Inc.*, 47 So. 3d 721, 724 (Miss. Ct. App. 2010) (*citing Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994)). There are two components to the element of proximate cause: (1) cause in fact and (2) legal cause.  *Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (Miss. 2007).  A defendant's negligence is the cause in fact of an injury if, "but for the defendant's negligence, the injury would not have occurred." *Glover*, 968 So. 2d at 1277.

The first step in a premises liability action is to determine the status of the injured party.  *Holmes*, 47 So. 3d at 724. The injured party should be classified

6

as an invitee, licensee, or trespasser. *Id.* at 724. An invitee is a person who enters the premises of another in response to an express or implied invitation of the owner or occupant for their mutual advantage. *Id.*

There is no dispute in this case that Ms. Lapara was a business invitee of the Silver Slipper Casino. Consequently, the casino owed Ms. Lapara a duty of reasonable care in keeping its premises in a reasonably safe condition. *Pigg v. Express Hotel Partners, L.L.C.*, 991 So. 2d 1197, 1199 (Miss. 2008); *Thomas v. The Columbia Group, L.L.C.*, 969 So. 2d 849, 852 (Miss. 2007). While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care to maintain its premises in a reasonably safe condition. *Pigg*, 991 So.2d at 1199; *Wilson v. Allday*, 487 So. 2d 793, 795-96 (Miss. 1986). That duty includes the duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199-1200; *Gaines v. K-Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003).

The premises owner is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer. *Breaux v. Grand Casinos of Mississippi, Inc.-Gulfport*, 854 So. 2d 1093, 1097 (Miss. Ct. App. 2003); *Ball v. Dominion Ins. Corp.*, 794 So. 2d 271, 273 (Miss. Ct. App. 2001). The invitee is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances. *Vu*, 765 So. 2d at 1255; *Tate v. Southern Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995).

No. 11-60225

Whether the business owner breaches his duty of keeping the premises in a reasonably safe condition is a question of fact to be proven by the plaintiff by a preponderance of the evidence. *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214 (5th Cir. 2011); *Palmer v. Anderson Infirmary Benev. Ass'n*, 656 So. 2d 790, 794 (Miss. 1995).

In the case *sub judice*, as Ms. Lapara concedes, the district court correctly recognized and acknowledged the applicable law and legal principles. However, there is no merit to Ms. Lapara's contention that the district court failed to apply those principles to the established facts of this case.

The district court heard testimony and was presented with evidence from both parties as to the condition of the gravel pathway, the length of the juniper branch extending into the pathway, and the adequacy of the lighting in and around the area where the pathway was located on casino grounds. The district court determined after reviewing the evidence presented at trial, particularly the photograph evidence, that the lighting was adequate and sufficient, that the condition of the gravel pathway was not dangerous, and that the juniper branch protruded no more than two inches into the gravel pathway. The district court expressed sympathy regarding Ms. Lapara's circumstances resulting from her injuries but noted that "Mississippi law requires more before a defendant can be held liable for a plaintiff's injuries." Further, the district court acknowledged that Defendant owed a duty to Ms. Lapara as a business invitee but concluded that Defendant did not breach its duty and was, therefore, not liable for Ms. Lapara's injuries.

The district court properly applied Mississippi law and legal principles to the established facts of this case as determined by the evidence presented at

8

No. 11-60225

trial. Consequently, we find that the district court did not commit clear error in dismissing Ms. Lapara's claims pursuant to FED. R. CIV. P. 52.

## III.  CONCLUSION

Accordingly, the judgment of the district court is AFFIRMED.