RUSSELL, J„
for the Court:
¶ 1. Quarter Development, LLC appeals the circuit court’s order granting summary judgment in favor of Sherry Hollowell, Bonnie Urbanek Scott, and James “Jim” Urbanek[1] (Appellees). Quarter Development argues that summary judgment was improper because there are genuine issues of material fact as to whether Quarter Development possessed marketable title at the time set for closing. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 5, 2009, Quarter Development and the Appellees entered into a contract for the sale of real estate in Lafayette County, Mississippi. The contract was signed by Mike Harris on behalf of Quarter Development, the seller, and by Jim Urbanek, the buyer. Urbanek deposited a check for $1,000 as “earnest money” with Quarter Development’s real-estate agent, Cherie Matthews.
¶ 3. The contract provided that Quarter Development would convey a warranty deed to the Appellees for the property on or before April 30, 2009, with an extension period of forty-five days if the purchaser so requested.
¶ 4. The contract further provided that a reasonable time be given for the examination of title, and that should this examination reveal defects that could be cured, Quarter Development would be obligated to cure such defects as expeditiously as *51 possible and to execute and tender a warranty deed. The parties did not close on the loan on April 30, 2009 or June 14, 2009, the last date for closing under the contract.
¶ 5. On July 28, 2009, Quarter Development filed a lawsuit against the Appellees seeking specific performance of the contract, alleging breach of contract due to the Appellees’ failure to seek financing prior to the June 14, 2009 closing date; their bad faith in failing to seek financing; and their negligent representation of their intentions to seek financing prior to the June 14, 2009 closing date to Quarter Development’s detriment.
¶ 6. On January 22, 2010, the Appellees filed a motion for summary judgment arguing Quarter Development was not entitled to specific performance of the contract because it did not own the property at any time during the term of the contract; and therefore, Quarter Development was not ready, willing, and able to perform on or before June 14, 2009.
¶ 7. Real property tax records for Lafayette County, Mississippi indicate that Northpointe Development, LLC, owned the property until September 4, 2009. On September 4, 2009, the property was sold to Avatar, LLC, and Intrepid Group, LLC, due to unpaid taxes by Northpointe. On September 9, 2009, Avatar sold the property to Quarter Development.
¶ 8. On February 8, 2010, Quarter Development filed a counter-motion for summary judgment arguing they were in fact entitled to specific performance because the Appellees were bound by the terms of the contract, and that they did in fact hold marketable title at the time of closing and were therefore able to convey a warranty deed as contemplated by the contract. Quarter Development further argued that any defect found in the title to the property could and would have been cured on or prior to the June 14, 2009 closing date.
¶ 9. On July 7, 2010, the circuit court entered an order granting Appellees’ motion for summary judgment and denying Quarter Development’s counter-motion for summary judgment. Later on December 1, 2010, the circuit court denied Quarter Development’s motion for reconsideration or, in the alternative, for amendment to the opinion and order. Quarter Development timely appealed.
DISCUSSION
¶ 10. This Court conducts a de novo review of a circuit court’s grant or denial of a motion for summary judgment. Holmes v. Campbell Props., Inc., 47 So.3d 721, 723 (¶ 6) (Miss.Ct.App.2010) (citing Lewallen v. Slawson, 822 So.2d 236, 237 (¶ 6) (Miss.2002)). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The facts are viewed in light most favorable to the non-moving party. City of Jackson v. Annie Mae Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001).
¶ 11. The circuit court focused its ruling on whether Quarter Development was ready, willing, and able to perform its contractual duties at or prior to the June 14, 2009 closing date. More specifically, the circuit court looked to whether Quarter Development held marketable title at or prior to that date. The circuit court concluded that Quarter Development did not hold marketable title at or prior to the time of closing and therefore was not entitled to specific performance.
*52 I. Breach of Contract and Specific Performance Remedy
¶ 12. Quarter Development argues it is entitled to specific performance of the contract because the Appellees breached them contractual duty to purchase the property. The Appellees argue that Quarter Development could not have performed its duty to convey a warranty deed because it did not hold merchantable title to the property at the time of closing; therefore, Quarter Development was not entitled to specific performance. We agree with the Appellees.
¶ 13. Mississippi law prohibits an award of specific performance unless the party seeking that relief performs his or her part of the contract within the time allotted for his or her performance. Gunn v. Heggins, 964 So.2d 586, 591-92 (¶¶ 9-10) (Miss.Ct.App.2007). In this case, the contract period ended on April 30, 2009, with an option to extend for a 45-day period. Quarter Development and the Appellees did not close on the contract on April 30, 2009, June 14, 2009, or any other date. During the contractual period, Quarter Development did not own the property. In fact, Quarter Development did not own the property until September 9, 2009, well after the June 14, 2009 closing date, and therefore could not perform its contractual duty. A party cannot obtain a decree for specific performance without showing compliance or readiness to comply with his part of the contract. Id. at 590 (¶ 7). Quarter Development could not show readiness because, as indicated by LaFayette County property-tax records, it did not own the property at the time of closing.
¶ 14. Quarter Development argues that the Appellees did not fulfill their contractual obligation because they did not obtain financing or come to the closing table. Specific performance is not an appropriate remedy when neither party is ready, willing, and able to perform under the terms of a contract at the time performance is due. Point S. Land Trust v. Gutierrez, 997 So.2d 967, 979 (¶ 33) (Miss.Ct.App.2008).
¶ 15. Even if the circuit court found that the Appellees did not obtain financing to close on the contract after June 14, 2009, both parties would be discharged from performing their contractual duties because it was “too late for either party to make an offer to perform.” Id. When both parties cannot or do not perform under a contract, neither party is in breach of the agreement. Id. Thus, Quarter Development is not entitled to specific performance of the contract.
II. Marketable Title
¶ 16. In Gunn, the Court explained that:
A contract to sell and convey real estate ordinarily requires a conveyance of the fee simple title which is free and clear of all liens and encumbrances, unless restricted by other provisions of the contract. When a seller agrees to convey property by warranty deed, he warrants that the title conveyed is without defect, i.e. the title is clear and marketable.
Gunn, 964 So.2d at 591 (¶ 8) (quoting and citing Ferrara v. Walters, 919 So.2d 876, 883 (¶¶ 17-18) (Miss.2005)) (internal citation omitted). Quarter Development did not own the property at the time of closing and therefore was not in a position to sell. “Good title is not merely a title valid in fact, but a marketable title, which may be sold or mortgaged.” Id. at 592 (¶ 9). Because Quarter Development did not own the property until September 9, 2009, long after the June 14, 2009 closing date, it could not have sold what it did not possess. *53 Thus, Quarter Development could not have conveyed clear and marketable title.
¶ 17. Quarter Development argues that the very essence of a warranty deed is that defects may be cured even after the sale of the property, citing Ferrara, which provides that warranty deeds warrant “that the title conveyed is without defect, i.e., clear and marketable.” Ferrara, 919 So.2d at 883 (¶ 18). Quarter Development further argues that it could have conveyed a warranty deed at the time of closing because the defect in title could have easily been cured had the opportunity been afforded. The Court observed in Gunn that “although it may have been a simple judicial procedure to probate and cure title to the property, the fact remains the [the party] never did so during the contractual period. This failure constituted a defect in the title.” Gunn, 964 So.2d 586 at 592 (¶ 9). Similarly, regardless of whether Quarter Development could have cured the title defect by purchasing the property, the argument is null and void. Quarter Development had only until June 14, 2009, to cure any and all defects. Because Quarter Development had not even purchased the property at this time, it did not have marketable title such that a warranty deed could have been conveyed.
III. Summary Judgment
¶ 18. This Court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). This Court will consider all of the evidence before the circuit court in the light most favorable to the non-moving party. Id. Quarter Development contends that whether or not it held marketable title at the time of closing is a genuine issue of material fact. It argues that it did in fact hold marketable title prior to and at the time of closing. However, this argument is without merit. Other than claiming to have marketable title, Quarter Development has provided no evidence proving that it owned the property prior to September 9, 2009, well after the closing date. In fact, LaFayette County property-tax records show that Quarter Development did not own the property during the contract period. Thus, there is no genuine issue of material fact as to whether Quarter Development had marketable title to the property at the time for closing stated in the contract. To simply argue that it held marketable title to property that it did not even own does not raise an issue of material fact as to make the grant of summary judgment improper.
¶ 19. For the foregoing reasons, we affirm the judgment of the Circuit Court of LaFayette County, Mississippi.
¶ 20. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.

. James Urbanek passed away on August 24, 2009, and his estate was substituted as the appellee.