# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

No. 21-30047

Terral River Service, Incorporated; Navigators Insurance Company,

*Plaintiffs—Appellants*,

*versus*

SCF Marine Incorporated; Vessel Holdings 7, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court for the
Western District of Louisiana
3:19-CV-406

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

As provided in their contract, SCF Marine Inc. ("SCF") delivered its Barge SCF 14023 to a loading facility operated by Terral River Service, Inc. ("Terral"). The barge sank while secured at Terral's facility. Terral then sued SCF. The district court granted summary judgment to SCF on all of Terral's claims. Under our jurisdiction pursuant to 28 U.S.C. § 1292(a)(3), we affirm.

No. 21-30047

## I.

Prior to delivering the barge to Terral, SCF had the barge cleaned and inspected by C&M Marine, Inc on May 2, 2018. A C&M employee inspected the barge. He reported no leaks and only trace amounts of water within the void tanks, but not an amount warranting his concern.

Following the inspection, a towing company took the barge from the C&M facility up the Mississippi River to the Terral facility as part of a fleet of other barges. A Terral harbor boat there took custody of the barge, towing it into the Terral facility. Cory Pemberton, a Terral employee, inspected the barge and completed a Barge Inspection Report upon the barge's delivery on May 7, 2018. Pemberton reported that he inspected the barge's knuckles and void tanks but saw no water or sunlight in the void tanks, which would have indicated a fracture.

The Terral harbor boat crew then moored the barge at a dock for loading. Over the following two days, the barge was partially loaded with rice. On May 11, 2018, the Terral harbor boat crew checked the barge at 5:30 a.m. and saw no issues. When the harbor boat crew checked the barge again at 5:50 a.m., the barge had partially sunk.

Terral hired a salvor who raised the barge. Surveyors hired by Terral and SCF examined the barge and found a fracture measuring twelve inches long and three quarters of an inch wide on the port bow rake knuckle, an area of the hull covering a void tank. Green witness marks around the fracture were identified following the salvage.

Terral sued SCF for general maritime negligence, unseaworthiness, breach of contract, and indemnity. Underlying all of these claims is the allegation that "[t]he fracture preexisted delivery of the [b]arge to Terral and is estimated to have been two (2) to four (4) weeks old as of May 11, 2018." In its Second Amended Complaint Terral added contribution and salvage

No. 21-30047

claims. The contribution claim was based upon the same factual allegation as the four other claims presented in Terral's initial complaint. The salvage claim sought recovery as a salvor of SCF's barge. SCF counterclaimed against Terral for negligence and breach of duty and moved for summary judgment on Terral's claims.[1]

SCF also filed *Daubert* motions to exclude the testimony of two of Terral's expert witnesses, Frank Budwine and Bob Bartlett.[2] The district court granted SCF's motion to exclude Budwine's testimony regarding the age of the hull fracture and granted in part SCF's motion to exclude the testimony of Bob Bartlett. The district court excluded Bartlett's testimony that the fracture likely occurred before the barge was delivered, but allowed Bartlett to testify that the green witness marks indicated the fracture was likely caused by a collision between the gray barge and a green object. After ruling on the *Daubert* motions, the district court granted SCF's motion for summary judgment and dismissed all of Terral's claims with prejudice. Terral timely appealed.

## II.

We review *de novo* a district court's grant of summary judgment.[3] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] However the movant "need not negate the elements of the

---

[1] SCF's counterclaim was not addressed by the district court in its order granting summary judgment and thus is not part of this appeal.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[3] *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015).

[4] FED. R. CIV. P. 56(a).

No. 21-30047

nonmovant's case."[5] "The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[6] A summary judgment ruling "will be affirmed by this court when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict,"[7] and we may affirm on any grounds supported by the record and presented to the district court.[8]

## III.

Turning first to the burden of proof, Terral argues that SCF bears the burden of proving that the barge was seaworthy at the time of delivery, an allegation underlying all of Terral's non-salvage claims. SCF claims that Terral bears the burden of proving that it provided an unseaworthy vessel.

A vessel's owner is duty bound to furnish a vessel reasonably fit for its intended purpose.[9] "Ordinarily, when a charterer claims that a shipowner has breached the charter party by providing an unseaworthy vessel, the burden of proving such a breach rests upon the claimant."[10] Although it was

---

[5] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations marks omitted).

[7] *Little*, 37 F.3d at 1071.

[8] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

[9] *Morales v. City of Galveston*, 370 U.S. 165, 169 (1962); *The Southwark*, 191 U.S. 1, 9 (1903).

[10] *Texaco, Inc. v. Universal Marine, Inc.*, 400 F. Supp. 311, 320 (E.D. La. 1975); *see also Cooper v. Pinedo*, 212 F.2d 137, 140–41 (5th Cir. 1954).

4

not a charterer, Terral is here the claimant and therefore bears the burden of proving that the barge was unseaworthy.

The parties do not dispute that the barge was the subject of a bailment with SCF as the bailor and Terral as the bailee. Terral urges that the bailment shifts the burden to SCF. Terral points to *Richmond Sand & Gravel Corp. v. Tidewater Const. Corp*,[11] but *Richmond* involved the paradigmatic situation in which a vessel's owner-bailor sued a defendant-bailee for the bailee's negligence that led to the vessel's capsizing.[12] Well enough, but under the paradigmatic example, SCF, as the bailor, would sue Terral, the bailee. Here, Terral is suing SCF.

The district court was correct that "[i]n the 'somewhat unusual situation' of a barge loader suing a barge owner for the sinking of the owner's barge, it is the plaintiff barge loader who bears the burden of proving that the barge was unseaworthy at the time the plaintiff barge loader took custody and control of the barge."[13] Terral bears the burden of proof for all its claims.

## IV.

The district court granted summary judgment against Terral's five non-salvage claims: maritime negligence, unseaworthiness, indemnity, contribution, and breach of contract. Terral argues that summary judgment was improper as there were several issues of material fact remaining. But the "several" are a variation on a single theme—whether the barge's hull was

---

[11] 170 F.2d 392 (4th Cir. 1948).

[12] *Id.* at 393.

[13] *Terral River Serv., Inc. v. SCF Marine, Inc.*, 510 F. Supp. 3d 415, 419 (W.D. La. 2020) (*quoting Consolidation Coal Co. v. U.S. Steel Corp.*, 364 F. Supp. 1071, 1074 (W.D. Pa. 1973), *and citing Dunkard Mining Co. v. Mon River Towing*, No. 88-2181, 1989 WL 121053, at *3 (W.D. Pa., October 3, 1989)).

fractured prior to delivery. SCF presented evidence that the fracture was not present when SCF transferred the barge to Terral: the C&M inspection report and Terral's own inspection report did not note any fracture. The barge traveled hundreds of miles along the Mississippi River and then sat partially loaded for two days before sinking.

Terral continues to primarily rely on the assertions of Budwine and Bartlett, but their testimony was properly excluded under *Daubert* and Federal Rule of Evidence 702. Terral does present two arguments that do not rely on the excluded testimony. First, Terral argues that Pemberton's inspection from the deck of the barge would not place him at an angle to see a fracture in the hull. However, Terral's inspection procedures include looking for water and sunlight within the void tank—both indicators of a fracture—yet Pemberton did not detect either. Second, Terral argues that there was no green object at its facility that could have collided with the barge to explain how it received the witness marks. But neither of these arguments satisfies Terral's burden of proof to establish that the barge was already damaged when it was delivered. Without the excluded testimony, Terral lacked sufficient evidence to show that the hull was fractured prior to the barge's delivery.

With this weakness in its proof of an essential element of Terral's case for which it would bear the burden of proof at trial, the district court properly entered summary judgment as to Terral's maritime negligence, unseaworthiness, indemnity, and contribution claims. We affirm the district court's dismissal of these claims.

While the district court did not separately address it, the district court did not err in dismissing the breach of contract claim. Where a district court provides little or no reasoning as to its decision to grant summary judgment, we may still affirm the district court's decision on any basis presented to the

No. 21-30047

district court.[14] SCF argued that because Terral could not present evidence of the fracture existing prior to delivery, none of its claims could succeed. As the same lack of genuine issue of material fact that frustrated Terral's other non-salvage claims also underlies the breach of contract claim, we affirm the grant of summary judgment and its dismissal.

## V.

As Terral's salvage claim does not depend on proof of when the fracture occurred, the district court's stated reasoning for granting summary judgment does not address the salvage claim. SCF argues either that Terral waived its salvage claim or that there is a sufficient alternative basis in the record to affirm the dismissal.

Generally, we will not consider arguments first raised on appeal.[15] To preserve an argument for appeal, a litigant must have presented the argument to such a degree that the district court had an opportunity to rule on it.[16] Terral presented its salvage claim in its Second Amended Complaint and SCF addressed and denied the salvage claim repeatedly below. Terral also raised its salvage claim in responding to SCF's motion for summary judgment. Terral sufficiently presented its salvage claim to the district court.

That said, Terral's preexisting duty of care as the barge's bailee here steps forward as an alternative basis for summary judgment and dismissal of the salvage claim, which has three elements: 1) marine peril, 2) service voluntarily rendered when not required by an existing duty or special contract, and 3) success in whole or in part, or that the service rendered

---

[14] *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

[15] *Est. of Duncan v. Comm'r*, 890 F.3d 192, 202 (5th Cir. 2018).

[16] *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

No. 21-30047

contributed to such success.[17] Terral fails as to the second element because it had a preexisting duty as the barge's bailee, a duty of ordinary care owed to SCF,[18] that forecloses its salvage claim. We affirm the grant of summary judgment and the dismissal of the salvage claim.

## VI.

As the non-movant at the summary judgment stage, Terral cannot show that there is a genuine issue of material fact over an essential element of each of its claims for which it bears the burden of proof. The district court properly granted summary judgment to SCF on Terral's five non-salvage claims and its salvage claim is foreclosed by its pre-existing duty as the barge's bailee. We AFFIRM the ruling of the district court.

---

[17] *The Sabine*, 101 U.S. 384, 384 (1879); *W. Coast Shipping Brokers Corp. v. Ferry "Chuchequero"*, 582 F.2d 959, 960 (5th Cir. 1978).

[18] *Stegemann v. Mia. Beach Boat Slips*, 213 F.2d 561, 564 (5th Cir. 1954).