# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2022

Lyle W. Cayce
Clerk

No. 21-60696

Darryl Orrin Baker,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores East,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
1:19-CV-789

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

This case arises from the sale of tires to Darryl Baker at a Wal-Mart store. Baker, proceeding pro se, brought numerous claims against Wal-Mart, several of which were dismissed by the district court. Wal-Mart moved for summary judgement as to the remaining claims, which the district court

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60696

granted. Baker appeals the district court's grant of summary judgment. We affirm.

## I.

Baker sought to purchase four tires from a Wal-Mart store in Gulfport, Mississippi on July 5, 2018. While replacing tires on Baker's car, Wal-Mart employees noticed that one of the rims on Baker's car was broken. The Wal-Mart store did not sell rims and therefore one tire was replaced with a donut spare tire. Baker alleges that it was the Wal-Mart employees who broke the rim, and that the Wal-Mart employees failed to repair or replace the rim for discriminatory reasons.

Following the dismissal with prejudice of several of Baker's claims, the district court granted Wal-Mart summary judgment with respect to Baker's remaining claims for negligence, gross negligence, premises liability, failure to train/supervise, intentional infliction of emotional distress, a 42 U.S.C. § 1981 violation, respondeat superior, negligence per se, fraud, and general discrimination.

## II.

We review *de novo* a district court's grant of summary judgment.[1] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A summary judgment ruling "will be affirmed by this court when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury

---

[1] *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015).

[2] FED. R. CIV. P. 56(a).

verdict."[3] "[W]e may affirm on any grounds supported by the record and presented to the district court."[4]

### III.

The district court correctly granted summary judgment to Wal-Mart as to Baker's negligence and gross negligence claims as there was no genuine issue of a material fact. The district court found that authenticated video surveillance footage, submitted by Wal-Mart, demonstrated that the damage to the rim could not have been caused by the Wal-Mart employees. Baker presented no admissible evidence to rebut this footage and support his claim that Wal-Mart employees were negligent or broke his tire rim.

The district court correctly granted summary judgment to Wal-Mart as to Baker's fraud claim. The district court determined that the same surveillance footage established that it was the Wal-Mart employees who presented Baker with the information that the rim was broken and did not attempt to defraud him. Baker failed to present evidence establishing a genuine issue of material fact as to whether as to whether Wal-Mart attempted to defraud Baker with regards to the rim.

The district court correctly granted summary judgment to Wal-Mart as to Baker's premises liability, respondeat superior, and negligence per se claims. As these legal theories are inapplicable to the underlying dispute, Baker failed to come forward with a sufficient legal basis for recovery that would support a jury verdict as to these claims.

---

[3] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994).

[4] *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021).

No. 21-60696

The district court correctly granted summary judgment to Wal-Mart as to Baker's claim for intentional infliction of emotional distress; this claim was barred by the statute of limitations.[5]

The district court correctly granted summary judgment to Wal-Mart as to Baker's claim that Wal-Mart failed to train or supervise its employees. Wal-Mart presented evidence that it trained its employees and had policies in place to prevent the discriminatory and dangerous behavior Baker alleges. Baker failed to provide evidence regarding Wal-Mart's knowledge of discriminatory or dangerous tendencies of its employees, a necessary element for holding an employer liable under Mississippi state law.[6]

The district court correctly granted summary judgment to Wal-Mart as to Baker's 42 U.S.C. § 1981 claim. We analyze discrimination claims under § 1981 under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[7] Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination, the burden of production then shifts to the defendant to provide a legitimate and nondiscriminatory reason for its actions.[8] Where a defendant meets its burden, the plaintiff must then show by a preponderance of the evidence that the reasons offered by the defendant were pretext.[9]

---

[5] *See* Miss. Code Ann. §15–1–35.

[6] *Holmes v. Campbell Properties, Inc.*, 47 So. 3d 721, 729 (Miss. Ct. App. 2010), *cert. denied*, 49 So. 3d 1139 (Miss. 2010). *See also Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 73 n.6 (Miss. 2017).

[7] 411 U.S. 792 (1973). *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (adopting the Title VII burden shifting framework of *McDonnell Douglas* in the § 1981 context).

[8] 411 U.S. at 802.

[9] *Id.*

4

Even assuming *arguendo* that Baker established a prima facie case that Wal-Mart discriminated against him by not selling and installing a fourth tire, Wal-Mart provided a legitimate and nondiscriminatory reason for its actions—it could not safely mount a new tire on Baker's broken rim. Baker failed to any provide evidence establishing that this reason was pretext, therefore there was no genuine issue of material fact as to Baker's § 1981 claim.

Finally, as to Baker's "general discrimination" claim, it is unclear as to what statute or cause of action serves as the basis of this claim. Therefore, Baker has failed to demonstrate a legal basis for recovery and the district court correctly granted summary judgment to Wal-Mart as to this claim.

## IV.

For the foregoing reasons, we AFFIRM the ruling of the district court.