JAMES, J.,
for the Court:
¶ 1. This case arises out of a personal-injury action filed by Nekole Bennett on behalf of herself and her children against ’ Highland Park Apartments LLC and Sharon Sampson. The trial court granted summary judgment in favor of Highland Park. Bennett appeals raising the following issues: (1) whether the trial court erred in granting summary judgment and (2) whether the trial court erred in denying the motion to recuse. We affirm in part and reverse and remand in part.
FACTS■
¶ 2. Nekole Bennett and her minor children were tenants of Highland Park Apartments. On February 5, 2010, the Bennetts were at home with a friend. At approximately 8 p.m., three people entered the complex through the open, unguarded gate and forcibly entered the Bennetts’ apartment. The assailants demanded to know where Bennett kept her drugs and money. During the home invasion, the Bennetts and their house guest were injured. The assailants then left the property in an SUV. They remain unknown to this day.
¶ 3. On February 18, 2010, Bennett filed a complaint on behalf of herself and children against Highland Park Apartments and Sampson, the apartment manager at the time. In the complaint, Bennett alleged that she, along with her children, suffered severe injuries, as well as emotional and mental duress during the attack. Bennett also alleged that she and her children were invitees of Highland Park, which failed in its duty to adequately and reasonably protect them as residents of the community. Bennett further alleged that the gates were always broken, and despite this, Highland Park failed to fix the problem. Bennett also contended that Highland Park negligently failed to maintain the complex’s lighting, surveillance cameras, and entrance and exit gates, and failed to hire security guards to lower traffic in and out of the complex. In its answer, Highland Park and Sampson denied that they breached any duty owed to Bennett or her children or were responsible for the incident alleged in the complaint.
*525 ¶ 4. Highland Park and Sampson filed three motions to strike and to limited expert testimony for Dr. Glenda Glover, John Tisdale, and Kathy Prestidge. Highland Park and Sampson alleged that Dr. Glover had no basis to testify on Bennett’s lost wages. They further alleged that neither Prestidge or Tisdale had any factual basis on which to render an opinion on causation. Highland Park and Sampson filed a motion for summary judgment on January 10, 2012. Bennett filed responses to all of the motions including the motion for summary judgment.
¶ 5. Bennett then filed a motion to re-cuse, raising concerns about the trial court’s ability to be impartial. It is undisputed that she filed the same motion in several other cases addressing the same concerns. Highland Park and Sampson replied stating that the time for the motion had passed and that Bennett’s counsel could not wait until the court decided on the summary-judgment motion to then file a motion to recuse. The trial court denied the motion to recuse on March 22, 2012, but did impose a stay on the three cases before the trial court, pending appellate review. On April 3, 2012, an order lifting the stay was entered at Bennett’s counsel’s request.
¶ 6. On September 19, 2012, the court entered a memorandum opinion and order granting summary judgment to Highland Park and Sampson. The trial court also entered an order dismissing Bennett’s case with prejudice. Bennett appeals.
DISCUSSION
I. Whether the trial court erred in granting summary judgment.
¶ 7. We review the circuit court’s grant or denial of summary judgment under a de novo standard. Moss Point Sch. Dist. v. Stennis, 132 So.3d 1047, 1049-50 (¶ 10) (Miss.2014). The summary-judgment standard is as follows:
Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
Karpinsky v. Am. Nat’l Ins. Co., 109 So.3d 84, 88 (¶ 10) (Miss.2013) (citations and quotation marks omitted). “The evidence so examined must be viewed in a light most favorable to the non-moving party.” Davis v. Christian Bhd. Homes of Jackson, Miss., Inc., 957 So.2d 390, 397 (¶ 11) (Miss.Ct.App.2007).
¶ 8. Bennett argues that proximate cause has been established through proper expert testimony, with valid research methodology, based on facts, data, and scientific studies. Bennett also argues that witness testimony supports a finding of causation. Further, Bennett contends that the state of mind of the assailants was not a relevant factor for the trial court to consider. Moreover, Bennett maintains that Highland Park and Sampson (collectively “Highland Park”) openly' admitted that there was an atmosphere of violence surrounding the apartment complex, and as a result, the summary-judgment decision should be reversed. Finally, Bennett reasons that Highland Park is not entitled to summary judgment because Bennett *526 satisfied the proximate-cause requirements.
a. Expert Testimony
¶ 9. Rule 702 of the Mississippi Rules of Evidence states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts, or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
The Mississippi Supreme Court adopted the Daubert[1] standard and the modification of the rule in Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)[2] in Mississippi Transportation Commission v. McLemore, 863 So.2d 31, 35 (¶ 5) (Miss.2003). Tunica Cnty. v. Matthews, 926 So.2d 209, 213 (¶ 6) (Miss.2006).
¶ 10. The relevant standard “is a two-pronged test. For expert testimony to be admissible, it must both be relevant and reliable. The party offering the testimony must show that the expert based his opinion not on opinions or speculation, but rather scientific methods and procedures.” Id. (internal citation omitted). To be considered relevant, the expert testimony must be “sufficiently tied to the facts of the case that it will ‘assist the trier of fact to understand the evidence or to determine a fact in issue.’ ” Denham v. Holmes ex rel. Holmes, 60 So.3d 773, 784 (¶ 36) (Miss.2011). To satisfy the second prong of the Daubert standard, the testimony must be reliable. To be considered reliable, the expert testimony “must be grounded in methods and procedures of science, not merely a subjective belief or unsupported speculation.” Id.
¶ 11. Here, Bennett relies on the testimony of Tisdale, an expert in premises security with a specialization in crime-statistics analysis. Bennett demonstrated that Tisdale has specialized knowledge through education, training, and experience to testify in regard to the security or lack thereof at the Highland Park Apartments. Tisdale’s deposition covered various methods and programs he used in formulating his testimony about the premises security at Highland Park. Tisdale’s testimony satisfied both prongs of the Daubert standard by being both relevant and reliable.
b. Duty/Breach of Duty
¶ 12. In a premises-liability action, the first thing that must be determined is the duty owed to the injured party. Thomas v. Columbia Grp. LLC, 969 So.2d 849, 852 (¶ 11) (Miss.2007). The Mississippi Supreme Court has held:
A person is considered an invitee if he enters the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A person is considered a licensee if he enters the property of another for his own convenience, plea *527 sure, or benefit pursuant to the license or implied permission of the owner, and a person is considered a trespasser if he enters the property of another without license, invitation, or other right.
Id. at 852-58 (¶ 12) (internal citation omitted). The status of a person upon the premises determines what duty is owed to him or her. If a person is an invitee, “a premises owner does have the duty ‘to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is a hidden danger or peril that is not in plain and open view.’ ” Davis, 957 So.2d at 399 (¶ 18). Further, the duty “extends to protecting tenants from the foreseeable criminal acts of others.” Id. Lastly, “the duty owed to licensees and trespassers, however, is merely ‘to refrain from willfully or wantonly injuring him.’ ” Id. (citation omitted).
¶ 13. We have previously stated that “a landlord owes his tenants a duty to keep the premises in a reasonably safe condition[.]” Price v. Park Mgmt. Inc., 831 So.2d 550, 551 (¶6) (Miss.Ct.App.2002). Here, the trial court did not make a determination of Bennett’s status on the property. However, in the complaint, Bennett alleged that she and her children were invitees. The landlord owed Bennett a duty to keep the premises reasonably safe.
¶ 14. Sufficient factual issues exist as to whether Highland Park breached its duty to keep the premises reasonably safe. A factual issue also exists as to whether Highland Park was put on notice that there was any breach of duty concerning the issues of whether the gate was not working, improper lighting, and lack of regular patrol of the area due to the alleged complaints of Bennett and other neighbors. These factual issues preclude summary judgment.
c. Proximate Cause
¶ 15. Bennett argues that Highland Park was not entitled to summary judgment because proximate cause was proven through various testimony and evidence presented by the expert witness. Bennett also argues that there was an atmosphere of violence in the complex, and such a criminal act was foreseeable. Bennett further contends that proximate cause was proven through lay witnesses, expert testimony, and circumstantial evidence.
¶ 16. In order to make a prima facie case in a premises-liability action, the plaintiff must prove the elements of duty, breach, proximate cause, and damage. Holmes v. Campbell Props., Inc., 47 So.3d 721, 724(¶10) (Miss.Ct.App.2010). Further, there are two elements to proximate cause: legal cause and cause in fact. Id. “A defendant’s negligence is the cause in fact of an injury if, ‘but for the defendant’s negligence, the injury would not have occurred.’ ” Id. (citation omitted). Conversely, negligence of the defendant is the legal cause when the injury is reasonably foreseeable. Id. “An assault on the premises is reasonably foreseeable if the defendant had either: (1) actual or constructive knowledge of the assailant’s violent nature or (2) actual or constructive knowledge an atmosphere of violence existed on the premises.” Id. at 725 (¶ 14).
¶ 17. In determining legal cause, “[t]he overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant’s business premises, as well as the frequency of criminal activity on the premises[,] are both relevant factors in determining whether an ‘atmosphere of violence’ exists on the premises.’ ” Davis, 957 So.2d at 401 (¶ 22). Here, since the assailants remain unknown, the second prong requiring actual or constructive *528 knowledge of an atmosphere of violence is applicable. In his deposition, Tisdale testified that there were over one thousand calls for service from the police, several of which involved guns, within a five-year period. Highland Park had constructive knowledge of an atmosphere of violence on the premises. Further, according to a "combined affidavit, the defendants admitted to an atmosphere of violence.
¶ 18. Cause in fact, the second element of proximate cause, “means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred.” A.B. ex rel. C.D. v. Stone Cnty. Sch. Dist., 14 So.3d 794, 800 (¶ 21) (Miss.Ct.App.2009). There was testimony that the gate to the complex was frequently out of order. Further, expert testimony established that had there been security guards physically present at the gate, the home invasion would not have happened. Reasonable jurors could conclude that the lack of an armed security guard and a gate that was not in working condition were substantial factors in bringing about the injury to Bennett and her children.
¶ 19. The trial court relied on Double Quick Inc. v. Lymas, 50 So.3d 292 (Miss.2010), and Davis, 957 So.2d 390, to support its ruling that Bennett failed to produce any evidence that Highland Park was the proximate cause of their injuries. Double Quick is distinguishable from the case at hand because, here, there is expert testimony coupled with several eyewitness accounts. In addition, Highland Park was advertised as a “gated community.” In Davis there was no evidence that the premises owner was aware of the assailant’s violent nature. Here, the deposition of Tisdale, Highland Park’s admission that there was an atmosphere of violence, and witness accounts demonstrate that Highland Park was aware of the atmosphere of violence that existed.
d. Damages
¶ 20. Bennett alleges that she was assaulted and suffered injuries as a result of Highland Park’s alleged breach of a duty to fix the broken gate and take other measures to make its premises reasonably safe. There exist factual issues of proximate cause and damages that need to be resolved. Accordingly, we find that genuine issues of material fact as to proximate cause and damages exist, and Highland Park is not entitled to summary judgment.
II. Whether the trial court erred in denying the motion for recusal.
¶ 21. “The standard of review to which appellate courts are bound on the issue of recusal is manifest error.” West v. State, 131 So.3d 583, 586 (¶ 10) (Miss.Ct.App.2013). “In Mississippi, a judge’s ‘impartiality is presumed, and the presumption must be overcome by the appellant in order for appellate courts to find manifest error.’ ” Id.
¶ 22. Bennett argues that the trial judge, the Honorable Jeff Weill Sr., improperly refused to recuse himself from this case. Bennett contends that there were concerns about the judge’s ability to be impartial due to personal animosity between Bennett’s counsel, James Ashley Ogden, and Judge Weill due to Ogden’s campaign for the same judicial seat. Bennett further argues that the motion was timely and was in response to a “pattern of negative actions” taken by the trial court in this case. Additionally, Bennett’s counsel has filed motions to recuse in other cases before the trial court.
¶ 23. According to the Uniform Rules of Circuit and County Court Practice:
*529 Any party may move for the recusal of a judge of the circuit or county court if it appears that the judge’s impartiality might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law. A motion seeking recusal shall be filed with an affidavit of the party or the party’s attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring' that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true. Such motion shall, in the first instance, be filed with the judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted.
URCCC 1.15. Bennett’s motion was filed with an affidavit; however, it was not filed within the time allowed by the rule. It appears from the record that the case was reassigned to Judge Weill’s court in the spring of 2011. Ogden alleged that a frictional encounter occurred with Judge Weill in the spring of 2010, a year before the case was reassigned to Judge Weill. Bennett’s counsel filed the motion to recuse on February 21, 2012. Since the source of the alleged friction between counsel and Judge Weill occurred a year before the case assignment, counsel’s grounds for re-cusal would have been apparent once Judge Weill was assigned to the case. Accordingly, we find that Bennett’s motion to recuse was untimely and therefore barred.
¶ 24. Additionally, a judge is presumed to be qualified and impartial. Washington Mut. Fin. Grp., LLC v. Blackmon, 925 So.2d 780, 785 (¶ 12) (Miss.2004). “[T]he proper standard is that recusal is required when the evidence produces a reasonable doubt as to the judge’s impartiality.” Hathcock v. S. Farm Bureau Cas. Ins. Co., 912 So.2d 844, 848 (¶ 9) (Miss.2005) (quoting Dodson v. Singing River Hosp. Sys., 839 So.2d 530, 533 (¶ 13) (Miss.2003)). The supreme court stated in Hathcock that reasonable doubt is present where “one must question whether a ‘reasonable person, knowing all of the circumstances, would harbor doubts about the judge’s impartiality.’ ” Id. at (¶ 10) (citation omitted).
¶ 25. Both parties learned of the summary-judgment ruling before Bennett filed the motion. Judge Weill’s law clerk emailed both parties and informed them of the judge’s decision to grant summary judgment to the defendants. The supreme court has stated that “[t]he recusal process must not degenerate into a technique for a lawyer to utilize in constructing a forum favorable to the positions which may favor the litigants represented by the lawyer.” Washington, 925 So.2d at 785 (¶ 12). Bennett’s counsel waited until he received the ruling on the summary-judgment motion before filing the motion to recuse. Also, after Judge Weill imposed a stay on all civil actions Ogden had before him pending appellate review, Ogden made an ore tenus motion to lift the stay and continue with the proceedings before Judge Weill, which Judge Weill granted. Therefore, we find that Judge Weill did not abuse his discretion in denying the motion to recuse.
CONCLUSION
¶ 26. In viewing the evidence most favorably to Bennett, we find that Highland Park had a duty to keep the premises *530 reasonably safe and genuine issues of material fact exist. But, on Bennett’s motion to recuse, we find that Bennett did not timely file the motion and the motion did not raise a reasonable doubt as to the judge’s impartiality. Therefore, the decision of the trial court is affirmed in part and reversed and remanded in part.
¶ 27. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS AND THE APPEL-LEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct 2786, 125 L.Ed.2d 469 (1993).

. -The United States Supreme Court extended Daubert to include expert testimony based on ‘'technical” and "other specialized” knowledge. Kumho Tire Co., 526 U.S. at 141, 119 S.Ct. 1167. The Court also held that the trial court "may consider one or more of the specific factors that Daubert mentioned when doing so will help determine that testimony's reliability.” Id.