ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. In this premises-liability case, the circuit court granted summary judgment for the defendants, finding that the plaintiffs’ expert testimony failed to establish a triable issue on proximate causation. The Mississippi Court of Appeals reversed the summary judgment and affirmed the circuit judge’s refusal to recuse.[1] We granted certiorari to expand on the Court of Appeals’ analysis on the summary-judgment issue, and to explain why the expert testimony created a triable issue. So we affirm the judgment of the Court of Appeals and reverse the trial court judgment and remand this case to the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2; After Nekole Bennett and her children suffered personal injuries during a home-invasion robbery, they filed this premises-liability action in the Hinds County Circuit Court against their apartment complex (Highland Park) and the complex’s manager (Sharon Sampson). The plaintiffs claimed that the defendants’ failure to provide adequate security measures at Highland Park proximately caused the plaintiffs’ injuries in the robbery. To support that claim, the plaintiffs designated John Tisdale as an expert in security measures.
¶ 3. After Tisdale was deposed, the defendants moved for summary judgment, arguing that Tisdale’s expert testimony had failed to create a genuine issue of material fact on proximate causation. The circuit judge agreed and granted summary judgment for the defendants, likening this case to this Court’s opinion in Double Quick, Inc. v. Lymas.[2] The Mississippi Court of Appeals reversed.[3] Though we agree with the Court of Appeals’ result, we granted certiorari to elaborate on our opinion in Lymas and to explain why the expert testimony in this ease created a triable issue on proximate causation.
*452 STANDARD OF REVIEW
¶ 4. This Court commonly states that we review the circuit court’s decision to grant summary judgment de novo.[4] This statement is overwhelmingly true because summary judgment is proper only where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.[5] Because the movant must be entitled to a judgment as a matter of law, a summary-judgment motion is usually limited to questions of law, which this Court always reviews de novo.[6]
¶ 5. But this case requires us to address a unique situation in which the summary judgment may not be reviewed purely de novo. The defendants argue on certiorari that the Court of Appeals erred by employing a purely de novo review because the circuit judge issued a twofold summary-judgment order, requiring distinct standards of review for each part. By their reading, the circuit judge first concluded that Tisdale’s testimony would not be admissible at trial. Then, excluding Tisdale’s testimony from his consideration, the circuit judge found that the plaintiffs could not establish a triable issue on proximate causation. Were the defendants’ characterization of the judge’s order correct, we would agree that this case calls for a twofold standard of review. We would first review the judge’s evidentiary ruling for án abuse of discretion,[7] then review the remaining question of law de novo.
¶ 6. But we do not share the defendants’ reading of the circuit judge’s order. In that order, the circuit judge stated that, the court having found summary judgment was proper, “the other motions [including the defendants’ Motion to Strike/Limit Expert Testimony of Mr. John Tisdale] should be denied as moot.” He also reasoned that Tisdale’s testimony was insufficient to allow the plaintiffs’ claims to survive summary judgment based on this Court’s Lymas opinion, which, as will be explained further below, did not deal with the exclusion of expert testimony.[8] So we review the question of law the circuit court addressed de novo.
ANALYSIS
¶ 7. A movant is entitled to summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”[9] The circuit judge granted summary judgment for the defendants, finding that Tisdale’s deposition testimony failed to create a triable issue of proximate causation. To do so, he relied on this Court’s opinion in Double Quick, Inc. v. Lymas.[10] But we find that Tisdale’s deposition testimony is sufficiently distinguishable from *453 the experts’ testimony in Lymas. So we reverse the circuit court’s grant of summary judgment.
¶ 8. In Lymas, a jury returned a verdict for Ronnie Lymas based on injuries he suffered in a shooting at the Double Quick convenience store in Belzoni, Mississippi.[11] At trial, Lymas utilized two expert witnesses — Dr. Michael Clay Smith and then Jackson Police Department Commander Tyrone Lewis — to establish that the store had failed to provide adequate security measures, and that those. security measures proximately caused his injuries.[12] Double Quick appealed, arguing that Ly-mas had produced insufficient evidence to prove proximate cause, and that the circuit judge should have excluded the experts’ testimony.[13]
¶ 9. This Court began its analysis stating that “the only evidence tending to establish proximate cause was the testimony of the plaintiffs two expert witnesses.”[14] The Court then explained that evidence must be relevant and found that “[a]l-though Lymas’s expert witnesses testified at length about the various steps Double Quick should have taken to prevent the injury, neither expert testified with any particularity that Double Quick’s failure to take these steps was the proximate cause of Lymas’s injuries.”[15] The Court noted that Dr. Smith had provided a mere affirmative answer when asked a leading question about causation, and that Commander Lewis had provided only an illogical statement that an unrelated robbery years earlier at the store caused the shooting.[16] So the Court concluded that “[t]he speculative testimony of the expert witnesses called by the plaintiff was insufficient as a matter of law to establish proximate cause” and that “speculation and conjecture alone will not support a verdict.”[17] Importantly, as noted above, this Court never concluded that the expert testimony should have been excluded.
¶ 10. Here, the circuit judge found that Tisdale’s testimony was similarly based on speculation and conjecture alone. But Tis-dale’s deposition reveals that he provided substantially more detailed testimony on proximate causation than that described in Lymas. After discussing the robbery which precipitated this lawsuit — particularly the assailants’ entrance and exit from the property in a SUV — Tisdale detailed Highland Park’s security failures. Tisdale strongly focused on the fact that, while Highland Park had been advertised as a gated complex and had a gate to control access to the property, the gate consistently was broken and left open. He also emphasized the need for Highland Park to employ armed security to operate that gate and document — using driver’s license numbers and license — plate numbers— who entered the complex. He explained that,, while every apartment complex may not have a duty to provide these security measures, the professional norms of the security industry lead to the conclusion that a complex with a history of violent crimes like Highland Park[18] should provide those protections.
*454 ¶ 11. Then, unlike Lymas, in which the experts merely stated that 'the store’s failure caused the plaintiffs injuries, Tisdale proceeded to explain how these failures caused the plaintiffs’ injuries. He explained that the presence of an armed guard at the front gate would prevent home-invasion robberies on the premises by deterring criminals from entering the premises in the first place. He explained that, because the guard would take down identifying information of nonresidents, such as drivers’ license numbers and license-plate numbers, criminals would be deterred from committing crimes at the complex due to the ease with which they could be identified to law enforcement. And Tisdale supported this testimony with his experience in installing similar protective measures at another complex, successfully reducing the crime rate it experienced.
¶ 12. So we conclude that plaintiffs’ claims should have survived summary judgment. Our Lymas holding should be understood to hold that a plaintiff may not prove that a premises owner’s failure to provide security measures proximately caused injuries based on cursory and unsupported statements of causation by an expert witness. But where, as here, that expert testimony delves into the detail of how the premises owner’s failure to employ those measures caused the injury, and provides support to show that those measures would work to prevent the injury, the plaintiff is at least entitled to submit that issue to a jury.
CONCLUSION
¶ 13. The circuit judge erred by granting summary judgment for the defendants. So we affirm the decision of the Court of Appeals, affirm the judgment of the Hinds County Circuit Court in part, reverse it in part and remand the case to the circuit court for further proceedings consistent with this opinion.[19]
¶ 14. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED IN PART, AND THE CASE IS REMANDED.
RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.

.Bennett v. Highland Park Apartments, No.2012-CA-01629-COA, 170 So.3d 522, 524-25, 2014 WL 3408970, ⅜1 (Miss.Ct.App. July 15, 2014).

. Double Quick, Inc. v. Lymas, 50 So.3d 292 (Miss.2010).

. Bennett, 170 So.3d at 529-30, 2014 WL 3408970, at *6.

. Vicksburg Healthcare, LLC v. Dees, 152 So.3d 1171, 1173-74 (Miss.2014) (citing Estate of Northrop v. Hutto, 9 So.3d 381, 384 (Miss.2009)).

. Miss. R. Civ. P. 56(c).

. See Hotboxxx, LLC v. City of Gulfport, 154 So.3d 21, 24 (Miss.2015) (citing Miss. Power Co. v. Hanson, 905 So.2d 547, 549 (Miss.2005)) ("For questions of law, the Court will apply the de novo standard of review.”).

. See Gales v. State, 153 So.3d 632, 638 (Miss.2014) (citing Brown v. State, 965 So.2d 1023, 1026 (Miss.2007)) ("When reviewing eviden-tiary rulings made by a trial court, the Court employs an abuse of discretion standard.”).

. Lymas, 50 So.3d at 299.

. Miss. R. Civ. P. 56(c).

. Lymas, 50 So.3d at 292.

. Id. at 293.

. Id. at 296-97.

. Id. at 297.

. Id. at 299.

. Id.

. Id.

. Id.

. For the purposes of summary judgment, the defendants conceded that an atmosphere of violence existed on the property.

. The Mississippi Court of Appeals affirmed the circuit court’s denial of the plaintiffs’ motion to recuse. That issue has not been raised on certiorari before this Court. So we affirm the judgment of Court of Appeals and the circuit court on that issue.