# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00199-COA

**PEARLIE WRIGHT**                                                                    **APPELLANT**

**v.**

**R.M. SMITH INVESTMENTS, L.P.**                                           **APPELLEE**

DATE OF JUDGMENT:              05/27/2014
TRIAL JUDGE:                          HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT, FIRST
                                          JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:      CRYSTAL WISE MARTIN
                                          JAMES A. BOBO
                                          SUZANNE GRIGGINS KEYS
ATTORNEY FOR APPELLEE:         JOHN D. BRADY
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:        SUMMARY JUDGMENT GRANTED TO
                                          DEFENDANT/APPELLEE
DISPOSITION:                        AFFIRMED - 08/30/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     This is an appeal from Hinds County Circuit Court of a grant of summary judgment and strike of expert testimony after Pearlie Wright was injured when she attempted to retrieve her stolen purse from a moving vehicle while in a parking lot owned by R.M. Smith Investments L.P. (Smith). Finding no error, we affirm.

## Facts and Proceedings Below

¶2.     On October 18, 2012, Wright went to a store at 1129 West Capitol Street, Jackson, Mississippi. The store is located on property owned and managed by Smith. Wright entered

the store, purchased some items, then exited and returned to her vehicle. While Wright was inside her vehicle, an assailant drove onto the parking lot of the property and parked immediately adjacent to Wright's vehicle. As Wright started her vehicle, the assailant got out of his vehicle, opened Wright's passenger side door, and grabbed Wright's purse. The assailant then returned to his car and proceeded to leave the property. As the assailant was leaving the property, Wright got out of her car and went to the assailant's driver's side front window. Wright reached into the window in an attempt to retrieve her purse. The assailant continued to drive, causing Wright to be dragged by the assailant's vehicle. Wright was injured in the process.

¶3.     Wright filed suit against Smith based on premises liability, claiming that an atmosphere of violence existed on the property, and that Smith's failure to employ additional security measures was the proximate cause of her damages. As evidence, Wright produced affidavits of Gerald Jones (Wright's safety and security expert), as well as incident reports and records of "calls for service" from within a one-mile radius of Smith's property for the five years preceding the incident. The incident reports and calls for service demonstrated that one incident of violent crime occurred on Smith's property in the five years preceding the incident.

¶4.     In the affidavits, Jones stated that Smith should have taken the minimum security measures to ensure safety on the property, including: "monitored security cameras covering the parking lot and common areas, deterrent signage concerning the presence of security cameras and security, [and] armed security guard(s) on patrol in the parking lot, during hours

2

of operation of the stores on the property." Jones stated that these measures are the minimum standards based on state and national standards and studies. Jones did not cite any source for the measures, standards, or studies referenced, nor did Jones indicate how the measures given would have prevented the incident.

¶5.     After discovery, Smith moved for summary judgment, asserting that Wright's proof did not support her claim that an atmosphere of violence existed on the property, and that the proof failed to demonstrate how additional security measures would have prevented Wright from being injured. Ultimately, the trial court granted Smith's motion for summary judgment, stating that Wright's proof of a single violent crime on the property in the five years preceding the incident was insufficient as a matter of law. Further, it stated that Jones's opinions were insufficient evidence of causation. Smith also moved to strike Jones's opinions on causation. The trial court granted Smith's motion to strike Jones's opinions, stating that Jones's opinions were speculative concerning causation and, thus, unreliable.[1] After Wright's motion for reconsideration was denied by the trial court, Wright appealed to this Court.

**Discussion**

¶6.     A trial court's grant of summary judgment is reviewed de novo. *Thrash v. Deutsch, Kerrigan & Stiles LLP*, 183 So. 3d 838, 841 (¶10) (Miss. 2016). "Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to [a] judgment as a matter of law." *Id*. at 842 (¶10) (citing M.R.C.P. 56(c)). The moving party bears the burden to show that no genuine issue of material fact exists, and the evidence must

---

[1] The trial court found that if Jones's affidavits had been accepted, summary judgment for Smith was still proper.

3

be viewed in the light most favorable to the nonmovant. *Id*. (citing *Monsanto Co. v. Hall*, 912 So. 2d 134, 136 (¶5) (Miss. 2005)). Our standard of review for the admission or suppression of evidence is abuse of discretion. *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 34 (¶4) (Miss. 2003). The admission or suppression of expert testimony is within the sound discretion of the trial judge, whose decision will stand unless the decision was arbitrary and clearly erroneous, amounting to an abuse of discretion. *Id*.

¶7. On appeal, Wright argues that Jones's opinions should not have been stricken and that granting summary judgment for Smith was improper.

### I. Expert Testimony

¶8. The Mississippi Rules of Evidence state that expert-opinion testimony is allowable if the testimony is based upon sufficient facts and data, if it is the product of reliable principles and methods, and if the witness has applied the principles and methods reliably to the facts of the case. M.R.E. 702. "The facts upon which the expert bases his opinion or conclusion must permit reasonably accurate conclusions as distinguished from mere guess or conjecture." *McLemore*, 863 So. 2d at 36 (¶8). The proponent of the expert's testimony must demonstrate that such testimony is not based merely on his subjective beliefs or unsupported speculation. *Id*. at (¶11) (citing *Daubert v. Merrel Dow Pharm. Inc.*, 509 U.S. 579, 590 (1993)). The court is not required to "admit opinion evidence connected to existing data only by the ipse dixit of the expert, as self-proclaimed accuracy by an expert [is] an insufficient measure of reliability." *Id*. at 37 (¶13) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999)). The reliability of expert testimony is analyzed under the

4

nonexhaustive factors adopted from *Daubert v. Merrel Dow Pharmaceuticals Inc.*, which include (1) whether the expert's theory can be or has been tested, (2) whether the theory has been subjected to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and control, and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Inn By the Sea Homeowners' Ass'n Inc. v. Seainn LLC*, 170 So. 3d 496, 503 (¶17) (Miss 2015) (citing *McLemore*, 863 So. 2d at 37 (¶13)).

¶9. Wright asserts that Jones's expert testimony establishes an atmosphere of violence, that the security measures in place the day of the incident were below the "minimum standard," and that had Smith had at least the "minimum standard[s]" in place, then the incident would not have occurred.

¶10. Jones stated in his affidavit that the standard of care he referenced is the "national standard," that the National Standard and the "Mississippi standard" are the same, that anything not meeting that standard is negligent, and that his opinions are to a "reasonable degree of probability, and consistent with [the] prevailing opinion in [his] field." Further, Jones stated that "[his] opinion testimony set forth herein is based upon sufficient facts or data, is the product of reliable principles and methods[,] and [that he] has applied the reliable principles and methods to the facts of the case." That is the extent to which Jones established the admissibility of his affidavit as an expert witness.

¶11. Jones failed to articulate what the national or Mississippi standards for property security were, where they came from, or who had established them. He only stated that they

5

were the same. He stated that his opinion was consistent with the prevailing opinion in his field, but failed to identify in any way how that opinion could be established or verified. He stated that his opinion was the product of reliable principles and methods, but failed to articulate what those principles and methods were, how they had been established, or who had established them. He offered no indication that any theory upon which he based his opinions could or had been tested, that a theory had been subjected to peer review and publication, any known or potential rate of error of a related technique or the theory when applied, any existence or maintenance of standards and control, or the extent to which his supposed theory or technique had been accepted in his field. Jones's affidavit fails to meet the requirements of *Daubert* and Rule 702, thus making it unreliable. Therefore, we find no merit to Wright's claim.

## II. Summary Judgment

¶12. To recover on a negligence claim, a plaintiff must show that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages. *Kroger v. Knox*, 98 So. 3d 441, 443 (¶13) (Miss. 2012). Property owners have a duty to remedy most dangerous conditions on their property and to warn of those they cannot eliminate. *Id*. That duty to warn or make safe presupposes that the defendant knows, or should know, of the dangerous condition. *Id*. When the alleged dangerous condition is the threat of an assault, the plaintiff must prove the defendant had either (1) active or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises. *Id*. at (¶14).

### A. Atmosphere of Violence

¶13.    Wright asserts that Smith had or should have had actual knowledge of an atmosphere of violence on his property, citing "calls for service" and "incident reports" for the past five years covering a one-mile radius from the subject property. In that time, there was one confirmed incident of violence, an armed robbery occurring inside the store more than a year prior to the subject incident.

¶14.    In *Kroger v. Knox*, a case similar to this one, the plaintiff, while in the defendant's parking lot, was told to hand over her purse by an assailant and, when she did not comply, the assailant pushed her to the ground and proceeded to strike her repeatedly before fleeing with the plaintiff's purse. *Kroger*, 98 So. 3d at 442 (¶2). In *Knox*, as many as four incidents had occurred prior to the one involving *Knox*'s plaintiff (three purse snatchings and one purse stolen from a car). *Id*. at 444 (¶20). There, even with several more incidents occurring on the premises prior to the subject incident, the court held that there was insufficient evidence of an atmosphere of violence. Here, only one confirmed incident of violence occurred on the property in the five years preceding the incident involving Wright. Further, the preceding incident was an armed robbery occurring inside the store, while this incident was a purse snatching occurring in the parking lot. We find that this one prior incident falls short of putting Smith on notice that a parking-lot purse snatching upon an invitee was foreseeable. Therefore, we find that Wright's assertion is without merit.

### B. Security Measures

¶15.    Wright asserts that had certain minimum security measures been in place on the day

of the incident, the incident would have been prevented. In particular, Wright asserts that, had there been cameras covering the parking lot, signage indicating cameras, and armed security, then the incident would have been prevented. As evidence of this assertion, Wright proffers the sole opinion of Jones, which did not include any supporting studies, data, theories, tests, or anything else to support his conclusion that the incident would have been prevented if the measures would have been in place. Further, Jones failed to answer the critical question of how the incident would have been prevented.

¶16. The Mississippi Supreme Court has stated that such evidence cannot be used to establish causation. *Bennett v. Highland Park Apartments LLC*, 170 So. 3d 450, 454 (¶12) (Miss. 2015) ("Our *Lymas* holding should be understood to hold that a plaintiff may not prove that a premises owner's failure to provide security measures proximately caused injuries based on cursory and unsupported statements of causation by an expert witness." (citing *Double Quick Inc. v. Lymas*, 50 So. 3d 292 (Miss. 2010))). Therefore, we find Wright's claim is without merit.

## Conclusion

¶17. We affirm the ruling of the Hinds County Circuit Court, striking Jones's expert testimony and granting Smith's motion for summary judgment.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**